**Thomas P. LAMB, Plaintiff,**

v.

**Herb MASCHNER, et al., Defendants.**

No. 84–3213–S.

United States District Court,
D. Kansas.

April 4, 1986.

---

Lynn E. Martin, Paola, Kan., for plaintiff.

Brenda L. Braden, John Bork, Acting Deputy Atty. Gen., Topeka, Kan., for defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on plaintiff's motion for partial summary judgment and defendants' motion for summary judgment. Plaintiff, an inmate at the State Security Hospital, Larned, Kansas, filed this action pursuant to 42 U.S.C. § 1983. Plaintiff is represented by counsel in the action and is therefore not entitled to the liberal construction of the law. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652, *reh. den.*, 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972). The court having examined the materials filed in this case makes the following findings and order.

To rule favorably on a motion for summary judgment, the court must first determine that the matters considered in connection with the motion disclose "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Federal Rules of Civil Procedure. The principal inquiry is therefore whether a genuine issue of material fact exists. *Dalke v. The Upjohn Co.*, 555 F.2d 245 (9th Cir.1977); *Hanke v. Global Van Lines, Inc.*, 533 F.2d 396 (8th Cir.1976). A motion under Rule 56 will be denied unless the movant demonstrates beyond doubt that he is entitled to a favorable ruling. *Madison v. Deseret Livestock Co.*, 574 F.2d 1027 (10th Cir.1978); *Mustang Fuel Corp. v. Youngstown Sheet & Tube Co.*, 516 F.2d 33 (10th Cir.1975). Pleadings and documentary evidence are to be construed liberally in favor of a party opposing a Rule 56 motion. *Harman v. Diversified Medical Investments Corp.*, 488 F.2d 111 (10th Cir.1973), *cert. denied*, 425 U.S. 951, 96 S.Ct. 1727, 48 L.Ed.2d 195 (1976). However, once a summary judgment motion has been properly supported, the opposing party may not rest on the allegations of the complaint, but must respond with specific facts showing the existence of a genuine factual issue to be tried. *Coleman v. Darden*, 595 F.2d 533, 536 (10th Cir.), *cert. denied*, 444 U.S. 927, 100 S.Ct. 267, 62 L.Ed.2d 184 (1979). A party with evidence tending to create a factual issue must present that evidence to the trial judge or summary judgment is proper. *Otteson v. United States*, 622 F.2d 516, 520 (10th Cir. 1980).

Plaintiff is now serving three life sentences for murder and two counts of kidnapping and has been incarcerated since 1970. Plaintiff claims that he is a transsexual and in his complaint requests relief in the nature of a transfer to a women's facility, cosmetics, and female clothing; or in the alternative, pre-operative hormone treatment and a sex change operation. In the later pleadings submitted by plaintiff, it becomes quite apparent that his first and primary concern is in receiving hormone treatment in preparation for surgery.

Plaintiff has also requested that he not be detained in administrative segregation at the Kansas State Penitentiary, Lansing, Kansas, but that he be protected from sexual harassment and molestation by some other means. If plaintiff has been placed in administrative segregation at Lansing, this issue is now moot since he is no longer at Lansing. See *Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973). In a prison setting, clearly plaintiff's options are limited. If plaintiff fears general population, he may request protective custody, but again, he will be segregated from the rest of general population. Plaintiff does not have a constitutional right to choose his place of confinement and prison officials may move a prisoner for any reason or no reason at all. *See, e.g., Meachum v. Fano,* 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976).

■ Plaintiff has also failed to state a section 1983 violation based upon harassment and molestation. Plaintiff has not alleged any personal participation on the named defendants' parts and the doctrine of respondeat superior is not applicable to section 1983 actions. *See Brown v. Reardon,* 770 F.2d 896 (10th Cir.1985).

■ Plaintiff originally requested to be transferred to a women's prison because of his transsexualism. A male prisoner cannot be housed in a women's prison. Even though a transfer may relieve plaintiff's anxieties, clearly a violation of the women's rights would be at issue. Prison authorities must be given great deference to formulate rules and regulations that satisfy a rational purpose and segregation of the sexes is a rational purpose. *See Bell v. Wolfish,* 441 U.S. 520, 547, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). Plaintiff has in the alternative requested cosmetics and female clothing while housed at Lansing. Again, the prison authorities must have the discretion to decide what clothing will be tolerated in a male prison and the court is not convinced that a denial of female clothing and cosmetics is a constitutional violation. *See, e.g., Hill v. Estelle,* 537 F.2d 214 (5th Cir.1976).

This court is prepared to rule upon whether a preoperative hormone treatment leading to a sex change operation is constitutionally required for plaintiff while incarcerated. After reviewing the record before this court, including the medical records submitted by both parties filed on March 26, 1986, there remains an issue of whether plaintiff is in fact a transsexual. Plaintiff, of course, has submitted medical documentation confirming his diagnosis as a transsexual, while defendants have provided the court with documentation that plaintiff cannot definitely be diagnosed as a transsexual. However, assuming arguendo, that plaintiff is a transsexual, the court will now consider whether defendants would be required to provide plaintiff with the requested pre-operative hormone treatment and surgery.

■ In order for plaintiff to demonstrate that his constitutional rights were violated, he must show that defendants acted with deliberate indifference to his medical needs. *See Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). "[E]very claim by a prisoner that he has not received adequate medical treatment ... [does not state] a violation of the Eighth Amendment." *Id.* at 105, 97 S.Ct. at 291.

Even though plaintiff and defendants have a differing opinion as to the proper treatment to be received by plaintiff, this does not in an of itself state a constitutional violation. *See Smart v. Villar,* 547 F.2d 112 (10th Cir.1976). Therefore, the key question in this case is whether defendants have provided plaintiff with some type of treatment, regardless of whether it is what plaintiff desires.

Plaintiff admits in his motion for summary judgment that he has been evaluated by "medical doctors, psychologists, psychiatrists and social workers." However, in none of these evaluations were recommendations made or suggested for pre-operative hormone treatment and surgery. Not only does the Department of Corrections' policies consider transsexual surgery un-

necessary and inappropriate (defendants' motion for summary judgment, attachment 4), but other authorities have also considered this type of surgery to be inadvisable in a prison environment, such as the Colorado Department of Corrections. Department of Corrections for the State of Colorado, Doc. Interim Rule 405–H (Feb. 18, 1983).

There also appears to be some question as to whether plaintiff is in fact a transsexual. Plaintiff's medical history indicates that he is a nonconformist and receives an "apparent delight in defying conventions, rules and regulations, [and] his motivation for the sex reassignment surgery is certainly in question." Report of Clinical Evaluation, at 3 (July 21, 1983). The medical records also indicate that petitioner has refused treatment of a tumor on his testicle and he has also inflicted a laceration to his scrotum, to which he strongly contested repair, both illustrating his desire to defy the norm.

Finally, petitioner is being housed at the State Security Hospital, Larned, Kansas. Clearly, the fact that plaintiff is housed in Larned suggests that he is presently undergoing some type of mental treatment. *See* Kan.Stat.Ann. § 76–1305. Plaintiff's contentions that he has received no treatment is definitely not supported by the record and therefore no section 1983 claim has been stated. *Estelle,* 429 U.S. 97, 97 S.Ct. 285.

Based upon the foregoing and the record before this court, the court finds that this action should be dismissed.

IT IS BY THE COURT THEREFORE ORDERED that plaintiff's motion for partial summary judgment be denied. IT IS FURTHER ORDERED that defendants' motion for summary judgment be granted, that this complaint be dismissed and all relief denied. The clerk of this court is directed to transmit a copy of this Memorandum and Order to plaintiff's attorney and to the office of the Attorney General for the State of Kansas.