**Carroll Richard OLSON, Plaintiff,**

v.

**Governor Joan FINNEY, et al., Defendants.**

**Carroll Richard OLSON, Plaintiff,**

v.

**Dr. Ky HOANG, et al., Defendants.**

**Nos. 93–3077–DES, 93–3078–DES.**

United States District Court, D. Kansas.

April 27, 1995.

---

Carroll Olson, Overland Park, KS, pro se.

John J. Knoll, Carol R. Bonebrake, Office of the Atty. Gen., Topeka, KS, and John D. Tongier, Holbrook, Heaven & Fay, P.A., Merriam, KS, for defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

These two lawsuits are consolidated civil rights actions filed pursuant to 42 U.S.C. § 1983. Plaintiff alleges his constitutional rights under the Eighth and Fourteenth Amendments to the United States Constitution were violated.

These two lawsuits were consolidated by this court for all purposes on June 27, 1994 (Doc. 24), and this Memorandum and Order pertains to both lawsuits.

The consolidated defendants in this action are Joan Finney, David McCune, Colette Winkelbauer, Elise Green, Elizabeth Rice, Dr. Ky Hoang, Duane Meyer, John Holmes and Prison Health Services, Inc.

This matter is before the court on defendants' motions for summary judgment (Docs. 26 and 30) and memoranda in support of said motions (Docs. 27 and 31).

Also being considered in this Memorandum and Order are defendants' answer and *Martinez* reports (Doc. 22); plaintiff's objection to motion for summary judgment (Doc. 28); plaintiff's memorandum in objection to summary judgment (Doc. 29); defendants' response and reply (Doc. 32); defendants' certificate of service (Doc. 33); plaintiff's answer, et al. (Doc. 34) and affidavits Docs. 35 and 36.

There is a statement of uncontroverted facts outline at page 2 through page 14 of defendants' memorandum in support of their motion for summary judgment (Doc. 27). This statement of facts is adopted by this court by reference as the facts of this case.

A court shall render summary judgment upon a showing that there is no genuine issue of material fact and that the movant is entitled to a judgment as a matter of law. Fed. R.Civ.P. 56(c). The rule provides that "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1985). The substantive law identifies which issues are material. *Id.* at 248, 106 S.Ct. at 2510. A dispute over a material fact is genuine when the evidence is such that a reasonable jury could find for the nonmovant. *Id.* Only genuine disputes over facts that might affect the outcome of the suit under the governing law will preclude the entry of summary judgment. *Id.*

The movant has the initial burden of showing the absence of a genuine issue of material fact. *Shapolia v. Los Alamos Nat. Laboratory,* 992 F.2d 1033, 1036 (10th Cir.1993). The movant may discharge its burden "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the [nonmovant's] case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). The movant need not negate the nonmovant's claim. *Id.* at 323. Once the movant makes a properly supported motion, the nonmovant must do more than merely show there is some metaphysical doubt as to the material facts. *Matsushita Elec. Industrial Co. v. Zenith Radio,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1985). The nonmovant must go beyond the pleadings and, by affidavits or the depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is some genuine issue for trial. Fed.R.Civ.P. 56(c). *See also Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553 (interpreting 56(e)).

Rule 56(c) requires the court to enter summary judgment against a nonmovant who fails to make a showing sufficient to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof. *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552. Such a complete failure of proof on an essential element of the nonmovant's case renders all other facts immaterial. *Id.* at 323, 106 S.Ct. at 2552–53.

When examining a motion for summary judgment, the court must view the facts in the light most favorable to the nonmovant and allow the nonmovant the benefit of all reasonable inferences to be drawn from the evidence. *See, e.g., United States v. O'Block,* 788 F.2d 1433, 1435 (10th Cir.1986) (stating that "[t]he court must consider factual inferences tending to show triable issues in the light most favorable to the existence of those issues").

Essentially, the court performs the threshold inquiry of determining whether a trial is necessary. *Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511. That is, the court decides whether there are any genuine factual issues that can be resolved only by a trier of fact because they reasonably may be resolved in favor of either party. *Id.*

## THE COURT FINDS THAT PLAINTIFF HAS FAILED TO ESTABLISH THAT DEFENDANTS VIOLATED ANY FEDERAL STATUTORY OR CONSTITUTIONAL RIGHTS.

Plaintiff claims a denial of medical care following a fall on the ice and again after being "thrown against a brick wall." Plaintiff's medical records do not substantiate such a claim and the court so finds.

■ Generally, prison officials violate the Eighth Amendment when they are deliberately indifferent to a prisoner's "serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth County Corr. Inst. Inmates v. Lanzaro,* 834 F.2d 326, 347 (3d Cir.1987), *cert. denied,* 486 U.S. 1006, 108 S.Ct. 1731, 100 L.Ed.2d 195 (1988). Prison officials show deliberate indifference to such serious medical needs where they deny, delay, or intentionally interfere with medical care. *Wood v. Housewright,* 900 F.2d 1332, 1334 (9th Cir.1990). However, no claim of constitutional dimension is stated where a prisoner challenges only matters of medical judgment or otherwise expresses a mere difference of opinion concerning the appropriate course of treatment. *Ledoux v. Davies,* 961 F.2d 1536, 1537 (10th Cir.1992). Similarly, a delay in providing medical care does not violate the Eighth Amendment unless there has been deliberate indifference resulting in substantial harm. *Olson v. Stotts,* 9 F.3d 1475 (10th Cir.1993).

■ While it is patently obvious that plaintiff disagreed with the course of treatment prescribed for his injured tailbone, there is absolutely no evidence of a denial, delay, or intentional interference with medical care. The two day delay in the X-ray of plaintiff's injured tailbone did not result in "substantial harm" to plaintiff. Plaintiff received pain medication continuously, the X-rays were reviewed by an outside physician who did *not*

recommend a change in the course of treatment.

Plaintiff reported to sick call on February 17, 1993, the day after the incident in Ms. Winkelbauer's office. While he mentioned that incident, he complained only about his previously injured tailbone, for which he had been continuously treated.

■ The plaintiff's difference of opinion with the facility's doctors and nurses is insufficient to state a claim pursuant to 42 U.S.C. § 1983. A mere difference of opinion between an inmate and prison medical staff regarding treatment or diagnosis does not itself state a constitutional violation. *Smart v. Villar*, 547 F.2d 112 (10th Cir.1976); *Lamb v. Maschner*, 633 F.Supp. 351 (D.Kan.1986). While the judgment of medical personnel which results in the deprivation of medical treatment may give rise to an action in tort for malpractice or negligence, it does not rise to a federal constitutional violation. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). Furthermore, medical malpractice does not become a constitutional violation simply because the victim is a prisoner. *Id.; Parrilla v. Cuyler*, 447 F.Supp. 363 (E.D.Pa.1078).

In the present case, there is absolutely no evidence of negligence and certainly no evidence of a constitutional deprivation. Plaintiff's medical records demonstrate plaintiff's frequent use of the medical facilities and care available at L.C.F. "A claim is frivolous if the factual contentions supporting the claim are 'clearly baseless,' *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992)...." *Olson v. Stotts*, 9 F.3d 1475 at 1476. Plaintiff's Eighth Amendment claim of deliberate indifference to serious medical needs is clearly baseless and should be dismissed.

■ Moreover, plaintiff fails to identify the personal involvement of Officer Holmes, Duane Meyer, Ms. Winkelbauer, Governor Finney and David McKune in the alleged deprivation of plaintiff's constitutional rights. Personal involvement is an essential element in an action for damages under 42 U.S.C. § 1983. Plaintiff may not rest on the doctrine of *respondeat superior. Rizzo v.*

*Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). *See e.g., Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir.1993) (defendant cannot be liable under § 1983 unless personally involved in deprivation); *Kite v. Kelley*, 546 F.2d 334, 337 (10th Cir.1976) (superior must have participated or acquiesced in constitutional deprivation to be held liable).

The court now considers the excessive force claim of plaintiff.

■ In order to prove that prison officials violated the Eighth Amendment by using excessive force, a prisoner must show that officials applied force "maliciously and sadistically for the very purpose of causing harm," or that the officials used force with a "knowing willingness that [harm] occur." *Hudson v. McMillian*, 503 U.S. 1, 7, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992). This deferential standard is necessary in a prison setting due to the unique security concerns involved, where prison officials are typically required to make decisions "in haste, under pressure, and frequently without the luxury of a second chance." *Hudson*, 503 U.S. at 6, 112 S.Ct. at 998 (quoting *Whitley v. Albers*, 475 U.S. 312, 320, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986)).

■ In the present case, Lt. Rice's placement of her hand on plaintiff's back was warranted under the circumstances. This claim by plaintiff is factually unsupported and clearly baseless. Plaintiff makes no other allegations of excessive force against any other defendant in Case No. 93–3077–DES. He sought medical care the next day, however, he did *not* lodge any new complaints or display any signs of injury that would have undoubtedly resulted if he had been brutally thrown against a brick wall by Lt. Rice with the help of six guards as he claims in his complaint. This claim is either an utter fabrication or the result of delusional thinking. In either event it is frivolous and should be dismissed and the court so finds.

■ In addition, the court finds that a case is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 1951, 23 L.Ed.2d 491 (1969). Plaintiff

was released on parole in August of 1993. Claims for injunctive and declaratory relief are moot where the prisoner has been released or transferred and is no longer subject to the conditions of confinement on which the claims are based. *Zatler v. Wainwright,* 802 F.2d 397 (11th Cir.1986); *Martin v. Sargent,* 780 F.2d 1334 (8th Cir.1985). In the present case, plaintiff's claims for injunctive relief are moot and the court so finds.

**THE COURT FURTHER FINDS THAT PLAINTIFF'S CLAIM FOR MONETARY DAMAGES IS BARRED BY DEFENDANTS' IMMUNITY.**

### A. Eleventh Amendment Immunity

 A suit against a state official in his or her official capacity is not a suit against the official, but rather is a suit against the official's office, accordingly it is no different than a suit against the state itself. *Will v. Michigan Department of State Police,* 491 U.S. 58, 64, 71, 109 S.Ct. 2304, 2308–09, 2312, 105 L.Ed.2d 45 (1989); *Kentucky v. Graham,* 473 U.S. 159, 165–166, 105 S.Ct. 3099, 3104–05, 87 L.Ed.2d 114 (1985). The Supreme Court has held that neither a state nor state agencies are "persons" within the meaning of 42 U.S.C. § 1983. *Will,* 491 U.S. at 64, 109 S.Ct. at 2308–09. Accordingly, state officials sued in their official capacities are not "persons" within the meaning of 42 U.S.C. § 1983. *Will,* 491 U.S. at 71, 109 S.Ct. at 2312.

 The Eleventh Amendment to the United States Constitution bars suits against the state of Kansas or one of its agencies or departments. *Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 907–08, 79 L.Ed.2d 67 (1984). *See also, Papasan v. Allain,* 478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986); *Green v. Mansour,* 474 U.S. 64, 106 S.Ct. 423, 88 L.Ed.2d 371 (1985), *reh'g denied* 474 U.S. 1111, 106 S.Ct. 900, 88 L.Ed.2d 933 (1986).

 Eleventh Amendment immunity, like qualified immunity, provides not only a defense to liability, but operates as an immunity to suit, including the burdens of discovery and trial. *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.,* —— U.S. ——, ——, 113 S.Ct. 684, 687, 121 L.Ed.2d 605 (1993); *Mitchell v. Forsyth,* 472 U.S. 511, 526, 105 S.Ct. 2806, 2815–16, 86 L.Ed.2d 411 (1985); *Nixon v. Fitzgerald,* 457 U.S. 731, 745–46, 102 S.Ct. 2690, 2698–99, 73 L.Ed.2d 349 (1982).

### B. Qualified Immunity

 To the extent plaintiff asserts allegations against defendants in their personal capacities, they are immune from an award of damages under the doctrine of qualified immunity. Qualified immunity "is necessary to protect officials who are required to exercise their discretion and the related public interest in encouraging the vigorous exercise of official authority." *Butz v. Economou,* 438 U.S. 478, 506, 98 S.Ct. 2894, 2911, 57 L.Ed.2d 895 (1978). This immunity is also designed to permit the quick termination of insubstantial lawsuits. *Id.*

 Qualified immunity is available if the right allegedly infringed upon was not clearly established at the time of the challenged conduct; if the officer did not know or had no reason to know of the right; and if the officer did not know or had no reason to know the conduct violated the constitutional norm. *Procunier v. Navarette,* 434 U.S. 555, 562, 98 S.Ct. 855, 859–60, 55 L.Ed.2d 24 (1978); *Wood v. Strickland,* 420 U.S. 308, 322, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975). *See also Gallegos v. City and County of Denver,* 984 F.2d 358, 361 (10th Cir.1993) (right must be clearly established at time of act to subject officer to liability.)

As previously discussed, the record does not support plaintiff's assertion that the defendants violated any clearly established constitutional right. Plaintiff has failed to demonstrate the violation of any constitutional rights.

This court wishes to note and make of record that this plaintiff has, during the period from September 19, 1991, through February 23, 1993, filed in this court 22 frivolous lawsuits. Some of these have already reached the Tenth Circuit Court of Appeals. More will likely arrive there. If this court or the appellate court would consider giving relief to this plaintiff and many dozen more

like him, it will only encourage the filing of frivolous lawsuits by this plaintiff and others.

Based upon this entire record, the court finds that the motions for summary judgment in these two consolidated cases should be granted and the cases dismissed.

**BY THE COURT IT IS SO ORDERED.**