**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 4 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GARVIN THOMAS,

Plaintiff-Appellant,

v.

JAMES L. SAFFLE; STEVE
HARGETT; DENNIS COTNER;
JUDY OWEN; BRYAN PALMER;
BAKSHI; VICKI GOODSEN,

Defendants-Appellees.

No. 98-6348
(D.C. No. CV-98-289-C)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Therefore, the case is ordered submitted without oral argument.

Plaintiff Garvin Thomas, an inmate appearing pro se, appeals the district

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

court's dismissal of his claims and entry of summary judgment in favor of defendants. We affirm.

Thomas brought this 42 U.S.C. § 1983 action against various officials of the correctional center, alleging he had been denied medical treatment in violation of the Eighth Amendment, dismissed from his job duties at the laundry center because of discrimination, and transferred from his cell in retaliation for filing grievances. Defendants filed a motion to dismiss or in the alternative for summary judgment. The district court adopted the magistrate judge's recommendation and granted summary judgment in favor of defendants and dismissed plaintiff's claims. [1]

We review de novo the district court's decision on a motion to dismiss for failure to state a claim or motion for summary judgment. See Wolf v. Prudential Ins. Co., 50 F.3d 793, 796 (10th Cir. 1995); Swoboda v. Dubach, 992 F.2d 286, 289 (10th Cir. 1993). Dismissal of a complaint is proper only where, after taking all well-pleaded factual allegations as true, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him

---

[1] Pursuant to Local Rule 7.1(e), Thomas was allowed eighteen days to respond to defendants' motion filed on June 16, 1998. Thomas filed his response on July 16, 1998. Thomas asserts the district court wrongfully applied the rule because he had no knowledge of the requirement. We need not decide if Thomas' pro se status excuses his late filing, see Meade v. Grubbs, 841 F.2d 1512, 1521-22 (10th Cir. 1988), because like the district court, our conclusion is not based on failure to adhere to local rules.

to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, we examine the factual record in the light most favorable to the nonmoving party. See Wolf, 50 F.3d at 796.

Thomas asserts failure to provide x-rays, blood work, and a biopsy constituted deliberate indifference to his medical needs. Thomas sought medical treatment for a lump on his right testicle. A urologist diagnosed the lump as a cyst and prescribed medication and treatment. Thomas was seen at least six times by medical personnel, who concluded each time that the cyst was unchanged in size.

The Eighth Amendment right to medical care is violated if prison officials manifest a deliberate indifference to an individual's serious medical needs. See Wilson v. Seiter, 501 U.S. 294, 297 (1991). Thomas has not proffered any evidence from which a deliberate indifference to his medical needs could be inferred. He expresses his subjective dissatisfaction with the treatment. Disagreement regarding treatment is not sufficient to maintain a deliberate indifference cruel and unusual punishment claim. "[T]he question whether . . .

additional . . . forms of treatment [are] indicated is a classic example of a matter for medical judgment.  A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment.  At most it is medical malpractice."  Estelle v. Gamble , 429 U.S. 97, 107 (1976);  see Olson v. Stotts , 9 F.3d 1475, 1477 (10th Cir. 1993) (differences of medical opinion do not violate a prisoner's constitutional rights);  Johnson v. Stephan , 6 F.3d 691, 692 (10th Cir. 1993) (same).

Thomas also contends his job duties in the laundry center were terminated in violation of the Fourteenth Amendment.  Specifically, he asserts defendant Bakshi unlawfully discriminated against him because he sought medical help.  Although an inmate has no right to a job in prison or to any particular job assignment, prison officials cannot discriminate on the basis of age, race, or handicap.  See Williams v. Meese , 926 F.2d 994, 998 (10th Cir. 1991).  Thomas has failed to allege discrimination on any of these bases and therefore has failed to state a claim.  Even construing his allegations as asserting discrimination based on handicap, there is no evidence to support such a theory.  The record supports the conclusion that Thomas was terminated for unauthorized tardiness and absences.  Thomas had previously been terminated for repeated unexcused absences.  When he was rehired, he was advised to contact his supervisors if he had a medical appointment or was too sick to work.  Thomas ignored these

warnings and, without notifying his supervisors, went to sick call instead of to the laundry center.  This chain of events, which is not disputed, cannot support an inference of discrimination.

Thomas contends he was transferred from his cell in retaliation for filing grievances. [2]  A prison official may not retaliate against an inmate for exercising a constitutional right.    See Peterson v. Shanks   , 149 F.3d 1140, 1144 (10th Cir. 1998).  However, an inmate may not base a retaliation claim on conjecture.  The inmate must prove that "but for" the retaliatory motive, the incidents referred to would not have taken place.  In other words, an inmate claiming retaliation must allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights.    Id.

Thomas has failed in this regard.  After Thomas sought and obtained several cell changes, defendant Bryan Palmer granted Thomas a final cell change on the condition that no further changes would be authorized.  Nevertheless, Thomas sought another change through Palmer and it was denied.  Thomas approached another official for a change.  Palmer advised Thomas he was being removed from Palmer's unit.  There is no evidence in the record to support a link between Thomas' decision to file grievances and Palmer's decision to transfer

_____

[2]  Thomas also claims defendant Bryan Palmer threatened to transfer him to a Texas institution.  Since he was not transferred to Texas, this purported threat is irrelevant.

Thomas.  In the absence of such "but for" evidence, an inmate's retaliation claim

is properly dismissed.    <u>Id.</u>

AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge
