**Walter R. JOHNSON, Plaintiff,**

v.

**Robert STEPHAN, et al., Defendants.**

**No. 92–3442–DES.**

United States District Court, D. Kansas.

March 25, 1993.

**678**

Walter R. Johnson, pro se.

## ORDER

SAFFELS, Senior District Judge.

This matter is before the court on a civil rights complaint filed by an inmate at the Lansing Correctional Facility, Lansing, Kansas ("LCF"). Plaintiff alleges the defendants violated his constitutional rights by their indifference to his serious medical needs and by their refusal to permit him a personal interview with members of the news media. He seeks injunctive relief and damages.

Defendants have filed a report pursuant to *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (Doc. 8), and plaintiff has filed a re-

sponse (Doc. 9). The court has reviewed these materials and makes the following order.

Plaintiff's claim of medical indifference is not supported by the record. His claim in this matter is essentially that the support stockings provided to him are insufficient for his needs. The record shows plaintiff entered the facility in late September 1992 from the University of Kansas Hospital where he was treated for complaints of chest pain and shortness of breath. Shortly after his admission to LCF, plaintiff was placed in the facility infirmary.

Within a few days of his arrival at LCF, plaintiff complained of leg cramps and was prescribed support stockings. The medical records before the court demonstrate that plaintiff received ongoing medical care from the time of his arrival at the facility.

Although plaintiff clearly disagrees with the treatment he has received, this is insufficient to state a claim cognizable under the Eighth and Fourteenth Amendments. In order to state a claim of cruel and unusual punishment, plaintiff must establish "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). A mere difference of opinion between an inmate and prison medical staff regarding treatment or diagnosis does not itself state a constitutional violation. *Smart v. Villar*, 547 F.2d 112 (10th Cir.1976); *Lamb v. Maschner*, 633 F.Supp. 351 (D.Kan.1986). While the judgment of medical personnel which results in the deprivation of medical treatment may give rise to an action in tort for malpractice or negligence, it does not rise to a federal constitutional violation. *Estelle v. Gamble*, 429 U.S. at 106, 97 S.Ct. at 292. Further, medical malpractice does not become a constitutional violation simply because the victim is a prisoner. *Id.; Parrilla v. Cuyler*, 447 F.Supp. 363 (E.D.Pa.1978). Plaintiff's complaint states no more than a difference of opinion regarding the stockings prescribed, and the court concludes no claim is stated.

Plaintiff's second claim in this matter is that his constitutional rights were abridged by the decision of prison officials to deny

members of the television program "Hard Copy" the opportunity to interview plaintiff in person for an on-camera interview. The records show this refusal was based on a belief that this interview would disrupt facility operation.

This claim must also fail. It is settled that restrictions which merely restrict face to face interviews by the press with inmates do not violate the First Amendment rights of either the press or the inmates. *Pell v. Procunier*, 417 U.S. 817, 94 S.Ct. 2800, 41 L.Ed.2d 495 (1974). Under the applicable policy statement (Doc. 8, Ex. 6), Kansas correctional facilities have no absolute bar to in-person media interviews; rather, the policy places such access decisions within the discretion of the warden. No constitutional claim is presented by the fact plaintiff was not permitted such an interview.

Pursuant to 28 U.S.C. § 1915(d), the district court has "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989); *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir.1991). A court may review and consider a *Martinez* report in determining whether factual allegations are baseless, but it "cannot resolve material disputed factual findings when they are in conflict with the pleadings or affidavits." *Hall*, 935 F.2d at 1109 (citations omitted).

Similarly, under § 1915(d), a court may dismiss "a claim on an indisputably meritless legal theory," such as a "claim[ ] of infringement of a legal interest which clearly does not exist." *Neitzke*, 490 U.S. at 327, 109 S.Ct. at 1833.

Having examined plaintiff's claims in light of the *Martinez* report, the court is satisfied this matter should be dismissed as frivolous. Plaintiff's disagreement regarding the medical treatment offered for his leg cramps clearly does not state a claim of constitutional dimension, nor does the decision against permitting media members access to the facility for a personal interview with plaintiff state a violation of constitutionally protected interests.

IT IS THEREFORE ORDERED this matter is hereby dismissed as frivolous pursuant to 28 U.S.C. § 1915(d).