6 F.3d 691
 Walter R. JOHNSON, Plaintiff-Appellant,
v.
Robert T. STEPHAN; Gary Stotts; Raymond Roberts; Richard
Koerner; William L. Cummings; William Miskell; Dave
McCune; Tabor Madill; Rudy Stupar; John Callison; Doctor
Hoang; Phyllis Warder; Gay Savino; Mary Ann, Nurse;
Roger Werholtz, Defendants-Appellees.
 No. 93-3108.
 United States Court of Appeals,
Tenth Circuit.
 Sept. 22, 1993.
 
 Walter R. Johnson, pro se.
 Before SEYMOUR, ANDERSON and EBEL, Circuit Judges.
 SEYMOUR, Circuit Judge.
 
 
 1
 Walter Johnson, an inmate at Lansing Correctional Facility, Lansing, Kansas, brought this action pro se alleging that defendants were deliberately indifferent to his medical needs in violation of his rights under the Eighth and Fourteenth Amendments. Mr. Johnson further complains that prison officials denied television news personnel access to the prison to conduct a face-to-face interview with him in violation of the First, Fourth, Eighth, and Fourteenth Amendments. After a Martinez report was ordered and received, the district court dismissed both claims as frivolous. Johnson v. Stephan, 816 F.Supp. 677 (1993). 28 U.S.C. Sec. 1915(d) (1988). We grant leave to proceed in forma pauperis and affirm.[1]
 
 
 2
 Mr. Johnson complained of leg cramps and swelling, and was prescribed a leg stocking. He asserts that the stocking was too tight and cut off his circulation. He contends that the leg stocking, designed to improve circulation, was an improper prescription for his condition. Mr. Johnson's medical records reveal that he has received consistent medical care at the Lansing Institution. As the district court noted, Mr. Johnson's complaint amounts to a difference of opinion with the medical staff, which does not rise to the level of a constitutional violation. See rec., vol. I, doc. 10, at 1-2. We affirm the dismissal of this claim as frivolous. SeeRamos v. Lamm, 639 F.2d 559, 575 (10th Cir.1980), cert. denied, 450 U.S. 1041, 101 S.Ct. 1759, 68 L.Ed.2d 239 (1981); Smart v. Villar, 547 F.2d 112, 114 (10th Cir.1976).
 
 
 3
 Mr. Johnson's second complaint concerns the denial of media access to the prison for the purpose of interviewing him. The television news program Hard Copy requested permission to conduct a face-to-face interview with Mr. Johnson. Mr. Johnson has communicated with program representatives by telephone and through the mail. After initially being denied access to the prison, Hard Copy reiterated its request in a letter. The prison responded by again denying access. Mr. Johnson complains that this constitutes a violation of the First Amendment.
 
 
 4
 Mr. Johnson has no standing to assert the First Amendment rights of Hard Copy. Moreover, the media has "no constitutional right of access to prisons or their inmates beyond that afforded the general public." Pell v. Procunier, 417 U.S. 817, 834, 94 S.Ct. 2800, 2810, 41 L.Ed.2d 495 (1974); see alsoSaxbe v. Washington Post Co., 417 U.S. 843, 94 S.Ct. 2811, 41 L.Ed.2d 514 (1974) (prison policy denying press ability to conduct personal interviews with individual inmates not unconstitutional); Oklahoma Hosp. Ass'n v. Oklahoma Publishing Co., 748 F.2d 1421, 1425 (10th Cir.1984) (media does not possess unlimited constitutional right to newsgather, citing Pell), cert. denied, 473 U.S. 905, 105 S.Ct. 3528, 87 L.Ed.2d 652 (1985).
 
 
 5
 With regard to Mr. Johnson's own First Amendment rights, the record shows that the prison exercised its discretion in denying the interview. SeeSeattle-Tacoma Newspaper Guild, Local # 82 v. Parker, 480 F.2d 1062 (9th Cir.1973). In a letter to Hard Copy, the prison stated it had examined the request "in light of departmental policy regarding media access to correctional facilities. This policy requires that decisions concerning access consider whether such access would cause a disruption to the orderly operation of the facility." Rec., vol. I, doc. 8 ex. 5 (letter from Public Information Officer to Hard Copy, Nov. 5, 1992); see also id., ex. 6 (Internal Management Policy & Procedure 08-104, "Media Access to Correctional Facilities"). Denying media access to conduct face-to-face interviews with inmates is constitutional as long as alternative means for communicating with the media are available. Pell, 417 U.S. at 827-28, 94 S.Ct. at 2806-07; Saxbe, 417 U.S. at 850, 94 S.Ct. at 2815. Here, Mr. Johnson is free to communicate with Hard Copy through the mail and telephone, and indeed he has done so. Consequently, Mr. Johnson's First Amendment rights were not violated.
 
 
 6
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument