**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 31 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

TIMOTHY J. WRIGHT,

      Plaintiff-Appellant,

v.

COLORADO DEPARTMENT OF
CORRECTIONS, in its official
capacity for the purposes of
preliminary injunction pursuant to
Rule 65, FRCP only; ARISTEDES W.
ZAVARAS, Executive Director of the
Colorado Department of Corrections,
in his official capacity for the purpose
of preliminary injunction pursuant to
Rule 65, FRCP only; DENNIS
KLEINSASSER, Medical Director for
the Colorado Department of
Corrections; CHERYL SMITH,
Clinical Administrator at the Colorado
Territorial Correctional Facility in her
individualized personal capacity;
ORVILLE NEUFELD, MD, Medical
Doctor for the Colorado Territorial
Correctional Facility, in his
individualized personal capacity and
Unknown John and/or Jane Does, in
their individualized personal
capacities; H. B. JOHNSON, Warden;
RICE, Warden; RON JOHNSON,
Medical Director, DRDC; S. SMITH,
Medical Director, CTCF,

      Defendants-Appellees.

No. 96-1232
(D.C. No. 95-M-427)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before PORFILIO, BALDOCK, and HENRY, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff brought this action pursuant to 42 U.S.C. § 1983, complaining that defendants[1] violated his rights under the Eighth Amendment. From the moment he was placed in custody, plaintiff began a long series of medical complaints. His main complaint, and the subject of this action for deliberate indifference to a serious medical need, involved pain associated with his clavicle bone. Ultimately, plaintiff had surgery, outside the corrections system, and his clavicle was removed. Plaintiff maintains that the fact that he was forced to live

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] Plaintiff dropped his claims against original defendants S. Smith, Frank Rice, H.B. Johnson, and Ron Johnson.

with the pain and associated complications for over two years before the surgery was performed, constituted deliberate indifference.

The district court adopted the magistrate judge's report and recommendation and granted summary judgment in favor of defendants. It is from that order that plaintiff appeals. We affirm.

We review the district court's grant of summary judgment de novo, applying the same standard as the district court. See Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). We must determine whether there is a genuine issue of material fact and if the moving party is entitled to judgment as a matter of law. See id. To that end, we view the evidence in the light most favorable to the nonmoving party. See id.

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104 (1976) (citation omitted). However, a difference of opinion as to treatment of a medical condition does not rise to the level of a constitutional violation. See Johnson v. Stephan, 6 F.3d 691, 692 (10th Cir. 1993).

The record in this case indicates that plaintiff received consistent medical attention for a variety of complaints, including the pain associated with his clavicle injury. Several different doctors consulted on plaintiff's problems,

including doctors from outside the correctional facility. Plaintiff received physical therapy as recommended by a doctor for treatment of plaintiff's condition, his medications were changed several times in an attempt to alleviate plaintiff's complaints of pain, and, finally, an outside doctor recommended surgery. It is clear from the record that the institutional doctors were addressing plaintiff's complaints on a consistent basis, but that they were uncertain as to the precise treatment that should be administered. As a result, they sent plaintiff outside the correctional facility to specialists. It is unfortunate that the treatment decision ultimately reached was not reached sooner, but the record shows that, in fact, the medical efforts were extensive; an appropriate response to an apparently somewhat rare condition.

Plaintiff has failed to show deliberate indifference to his medical condition. Therefore, the judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court

Robert H. Henry
Circuit Judge

-4-