107 F.3d 22
 97 CJ C.A.R. 211
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Timothy J. WRIGHT, Plaintiff-Appellant,
v.
COLORADO DEPARTMENT OF CORRECTIONS, in its official capacity
for the purposes of preliminary injunction pursuant to Rule
65, FRCP only; Aristedes W. Zavaras, Executive Director of
the Colorado Department of Corrections, in his official
capacity for the purpose of preliminary injunction pursuant
to Rule 65, FRCP only; Dennis Kleinsasser, Medical Director
for the Colorado Department of Corrections; Cheryl Smith,
Clinical Administrator at the Colorado Territorial
Correctional Facility in her individualized personal
capacity; Orville Neufeld, MD, Medical Doctor for the
Colorado Territorial Correctional Facility, in his
individualized personal capacity and Unknown John and/or
Jane Does, in their individualized personal capacities;
H.B. Johnson, Warden; Rice, Warden; Ron Johnson, Medical
Director, DRDC; S. Smith, Medical Director, CTCF,
Defendants-Appellees.
 No. 96-1232.
 United States Court of Appeals, Tenth Circuit.
 Jan. 31, 1997.
 
 Before PORFILIO, BALDOCK, and HENRY, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff brought this action pursuant to 42 U.S.C. § 1983, complaining that defendants[1] violated his rights under the Eighth Amendment. From the moment he was placed in custody, plaintiff began a long series of medical complaints. His main complaint, and the subject of this action for deliberate indifference to a serious medical need, involved pain associated with his clavicle bone. Ultimately, plaintiff had surgery, outside the corrections system, and his clavicle was removed. Plaintiff maintains that the fact that he was forced to live with the pain and associated complications for over two years before the surgery was performed, constituted deliberate indifference.
 
 
 4
 The district court adopted the magistrate judge's report and recommendation and granted summary judgment in favor of defendants. It is from that order that plaintiff appeals. We affirm.
 
 
 5
 We review the district court's grant of summary judgment de novo, applying the same standard as the district court. See Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir.1992). We must determine whether there is a genuine issue of material fact and if the moving party is entitled to judgment as a matter of law. See id. To that end, we view the evidence in the light most favorable to the nonmoving party. See id.
 
 
 6
 "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104 (1976) (citation omitted). However, a difference of opinion as to treatment of a medical condition does not rise to the level of a constitutional violation. See Johnson v. Stephan, 6 F.3d 691, 692 (10th Cir.1993).
 
 
 7
 The record in this case indicates that plaintiff received consistent medical attention for a variety of complaints, including the pain associated with his clavicle injury. Several different doctors consulted on plaintiff's problems, including doctors from outside the correctional facility. Plaintiff received physical therapy as recommended by a doctor for treatment of plaintiff's condition, his medications were changed several times in an attempt to alleviate plaintiff's complaints of pain, and, finally, an outside doctor recommended surgery. It is clear from the record that the institutional doctors were addressing plaintiff's complaints on a consistent basis, but that they were uncertain as to the precise treatment that should be administered. As a result, they sent plaintiff outside the correctional facility to specialists. It is unfortunate that the treatment decision ultimately reached was not reached sooner, but the record shows that, in fact, the medical efforts were extensive; an appropriate response to an apparently somewhat rare condition.
 
 
 8
 Plaintiff has failed to show deliberate indifference to his medical condition. Therefore, the judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [1]
 Plaintiff dropped his claims against original defendants S. Smith, Frank Rice, H.B. Johnson, and Ron Johnson