**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 10 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

LAVONE B. BARRON,

Plaintiff-Appellant,

v.

FLOYD POHLMAN, M.D.,

Defendant-Appellee.

No. 04-1212
(D.C. No. 02-MK-1494 (PAC))
(Colorado)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

---

Lavone B. Barron, an inmate of the Sterling Correctional Facility (SCF),

filed a *pro se* 42 U.S.C. § 1983 action against several employees of the Colorado

Department of Corrections (DOC). Mr. Barron contends the DOC employees

acted with deliberate indifference to his serious medical needs in violation of the

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Eighth Amendment's prohibition against cruel and unusual punishment.[1] The district court dismissed the claims against defendants Christine Windsor and Nancy Kelly for failure to state a claim, and subsequently granted summary judgment in favor of defendant Floyd Pohlman. The court also denied Mr. Barron's request to proceed *in forma pauperis* (*ifp*) on appeal. We grant Mr. Barron's renewed request to proceed *ifp* but affirm the district court.

Mr. Barron alleges he injured his shoulder on June 18, 2001, when he slipped and fell on a wet floor at SCF. He was seen on the same day by Ms. Windsor, a DOC nurse, who examined him and failed to notice any bruising on his skin. She recommended he take Tylenol and rest for the remainder of the day. Mr. Barron reported to work the next morning and told his supervisor, Lieutenant Kelly, he was in pain from his fall and wanted medical care. He contends Lt. Kelly promised to "call medical" later that morning but failed to do so. When Mr. Barron again asked Lt. Kelly to call medical, she replied that she was busy and he would have to either wait until she completed her task or ask someone else to contact medical on his behalf.

On June 21, Mr. Barron was examined by the SCF medical staff. After X-

---

[1]Mr. Barron also alleges that dismissal of his claims pursuant to a motion to dismiss or a motion for summary judgment violates his Seventh Amendment right to a jury trial. The Seventh Amendment is not violated by proper dismissal of claims, because such a ruling means that no triable issue exists to be submitted to a jury. *Shannon v. Graves*, 257 F.3d 1164, 1167 (10th Cir. 2001).

rays of his shoulder were performed and evaluated, he was sent to a hospital for further treatment. At the hospital, he was diagnosed with a separated shoulder and returned to the prison facility. Some time later, Mr. Barron was diagnosed with a tear of the rotator cuff of his right shoulder. Dr. Pohlman, an orthopedic surgeon, surgically repaired his rotator cuff on September 11, 2002. Dr. Pohlman saw Mr. Barron for follow-up visits on September 17 and October 8. On the October 8th visit, Dr. Pohlman prescribed an elastic sports cord for Mr. Barron to use to rehabilitate his injured shoulder. Mr. Barron contends that he re-injured his shoulder on October 10 while using the sports cord.

The legal sufficiency of a complaint is a question of law; therefore, a Rule 12(b)(6) dismissal is reviewed *de novo*. *Sutton v. Utah State Sch. For Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). "A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). We also review the legal issues surrounding the grant of summary judgment *de novo*, considering all evidence in the light most favorable to the nonmoving party. *DeSpain v. Uphoff*, 264 F.3d 965, 971 (10th Cir. 2001). Summary judgment is ultimately appropriate when there is "no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." *Oliver v. Woods*, 209 F.3d 1179, 1184 (10th Cir. 2000) (quotation and

citation omitted).

The conditions of prisoner confinement create an obligation on the state to provide adequate health care for a prisoner. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). In recognition of this duty, we have held that "[a] prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). However, not all failures to provide healthcare, or even adequate, non-negligent care, rise to the level of a constitutional violation. "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106.

Deliberate indifference involves both an objective and a subjective component. *Sealock*, 218 F.3d at 1209. The former is met if the deprivation is sufficiently serious, that is, "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (citation omitted). The latter is satisfied if an officer "knows of and disregards an excessive risk to inmate health or safety." *Sealock*, 218 F.3d at 1209 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Essentially, the officer must be "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the

inference." *Garrett v. Stratman*, 254 F.3d 946, 949-950 (10th Cir. 2001) (quoting *Farmer*, 511 U.S. at 837).

On reviewing the record before us, we cannot conclude that Mr. Barron has been treated with deliberate indifference. Mr. Barron's pleadings, construed in the light most favorable to him, fail to establish he suffered a "serious medical need" sufficient to state a constitutional violation. He alleges that he slipped and fell, injuring his shoulder. He does not allege that, as a result, he manifested objective symptoms that could have been interpreted as sufficient to trigger the need for hospitalization or additional treatment, such as signs of bruising, bleeding or broken bones. Simply put, his symptoms were not "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hunt*, 199 F.3d at 1224.

Even assuming, *arguendo*, that Mr. Barron's slip-and-fall qualifies as "sufficiently serious," his allegations fail to satisfy the subjective prong of the deliberate indifference test. When Mr. Barron reported to medical after his fall, he alleges that Ms. Windsor requested he remove his shirt so she could examine his injury. She recommended he rest the remainder of the day and prescribed treatment for his pain, in the form of Tylenol. While Mr. Barron may take issue with the treatment approach of Ms. Windsor, a prisoner's difference of opinion with prison medical personnel regarding the type of treatment he should

receive does not rise to the level of a constitutional violation. *See Johnson v. Stephan*, 6 F.3d 691, 692 (10th Cir. 1993). There is simply no evidence that Ms. Windsor was aware of any facts from which an inference could be drawn that a substantial risk of serious harm existed, or that she drew such an inference. *Farmer*, 511 U.S. at 837.

Mr. Barron did allege Lt. Kelly twice ignored his plea for medical attention while at work. According to Mr. Barron's complaint, however, Lt. Kelly did inquire of Mr. Barron as to whether he had received a "lay-in" from his medical visit the previous day, to which Mr. Barron responded, "no." There is no evidence Lt. Kelly was presented either a diagnosis by a physician of a medical need mandating treatment, or a condition which a lay person would easily recognize as necessitating a doctor's attention. Indeed, the evidence suggests Lt. Kelly knew Mr. Barron had received a medical evaluation and his injury did not warrant permission to miss work. Therefore, we are not persuaded Lt. Kelly's lack of response to Mr. Barron's symptoms constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle*, 429 U.S. at 104.

Mr. Barron's final contention is that Dr. Pohlman was deliberately indifferent to his serious medical needs by failing to provide follow-up care after he re-injured his shoulder when his sports cord broke on October 10. We

disagree. Dr. Pohlman provided an affidavit indicating he saw Mr. Barron for two follow-up visits following the surgery and, on both occasions, "he was healing in a satisfactory fashion." Rec., doc. 64, ex. A at 2. On the October 8th visit, Dr. Pohlman prescribed Mr. Barron a "sports cord" and provided "instructions on how to use the cord and how to perform certain stretching exercises." *Id.* Mr. Barron was also "given the instruction book that accompanies the sports cord." *Id.* Most importantly, Dr. Pohlman states:

> I have not seen or had any contact with Lavone Barron since his last visit on October 8, 2002. I am unaware of his condition since that time. . . . I have not been requested to see Lavone Barron since Mr. Barron's last visit with me . . . . I am not aware of any request by Lavone Barron that he see me or any other orthopedist or health care provider since Mr. Barron's last visit with me . . . .

*Id.* at 3. The uncontroverted evidence on the record thus establishes Dr. Pohlman (1) did not see Mr. Barron after the re-jury; (2) was unaware of the re-injury; and (3) was unaware of any requests to see him that may have been made by Mr. Barron after the re-injury. Furthermore, Dr. Pohlman, a private practitioner, had "no authority or power to schedule or arrange medical appointments with inmates at the Sterling Correctional Facility." *Id.* Therefore, Mr. Barron has failed to demonstrate Dr. Pohlman knew of and disregarded an excessive risk to his health or safety. *Sealock*, 218 F.3d at 1209.

Mr. Barron has also failed to establish that his re-injury qualifies as a "serious medical need" sufficient to state a constitutional violation. Ms. Judy

Ballard, the Health Services Administrator at SCF, provided an affidavit stating, "[b]etween September 11, 2002 and November 11, 2003, Mr. Barron was seen at the SCF facility approximately twenty-seven times," including twenty-two times after his re-injury on October 10. Rec., doc. 64, ex. C at 1-2. On November 25, 2002, approximately six weeks after the re-injury, a doctor evaluated Mr. Barron and concluded he "was receiving appropriate medical care and that physical therapy conducted by a licensed physical therapist was not medically necessary." *Id.* at 2. In addition, a medical evaluation performed on November 12, 2003, indicated "there [was] no evidence of muscle atrophy in Mr. Barron's right shoulder," and "Mr. Barron [had] a normal range of motion." *Id.* The examining physician assistant concluded that Mr. Barron's shoulder was "in all respects . . . within normal limits." *Id.* In light of the fact that Mr. Barron has failed to controvert any of this evidence, we cannot conclude his shoulder re-injury constituted a "serious medical need." In sum, because Mr. Barron has failed to point to any evidence he either suffered a serious deprivation or the defendants knew he faced a substantial risk of harm and disregarded that risk, he has failed to satisfy both prongs of the deliberate indifference test.

Although we construe Mr. Barron's *pro se* pleading liberally and apply a less stringent standard than we would to pleadings filed by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), we "will not supply additional factual

allegations to round out [his] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).  We **AFFIRM** the district court's dismissal of these claims, and **GRANT** Mr. Barron's request to proceed *ifp* on appeal.  So doing, we remind Mr. Barron to continue making partial payments towards the balance of his assessed fees and costs until they are paid in full.

SUBMITTED FOR THE COURT

Stephanie K. Seymour

Circuit Judge