**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 11 2005**

**PATRICK FISHER**
**Clerk**

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

ROBERT E. QUINTANO,

     Plaintiff-Appellant,

v.

THEODORE LAWRENCE, P.O.,

     Defendant-Appellee.

No. 04-1189
(D.C. No. 03-M-139 (PAC))
(Colorado)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

Robert E. Quintano, an inmate of the Arkansas Valley Correctional Facility

(AVCF), filed a *pro se* 42 U.S.C. § 1983 action against Theodore Lawrence, a

physician assistant employed by the Colorado Department of Corrections (DOC).

Mr. Quintano contends Mr. Lawrence acted with deliberate indifference to his

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

serious medical needs in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. The district court granted summary judgment for Mr. Lawrence and Mr. Quintano appeals. We affirm.

The following facts are uncontested. On approximately November 20, 2001, Mr. Quintano began experiencing intestinal difficulty and pain. This prompted him to seek assistance from the AVCF health care staff on Sunday, November 25. Nursing personnel examined Mr. Quintano and, after consulting with Mr. Lawrence via telephone, catheterized him. He was also administered an injection of Toradol for pain relief. Mr. Quintano testified in his deposition that he was in severe pain and begged to be sent to the hospital, that the nurse told Mr. Lawrence he should be sent to the emergency room, but that Mr. Lawrence declined. The staff then directed Mr. Quintano back to his unit and told him he would be returned to the clinic the following day.

Mr. Quintano testified no one came for him the next day and he was too sick to leave his cell on his own. Finally, on November 27, a sergeant took him in a wheel chair to the clinic, where he was examined by nursing personnel. After phone conferencing again with Mr. Lawrence, the staff sought to repeat catheterization but Mr. Quintano refused because it had not helped previously. Mr. Quintano was then provided a pass to be examined by Mr. Lawrence the next day. When Mr. Quintano returned to the clinic on November 28, he was

examined by Mr. Lawrence and sent to the hospital for further evaluation and treatment. At the hospital, Mr. Quintano consented to exploratory surgery, which resulted in the removal of a section of his colon and a colostomy.

This court reviews the legal issues surrounding the grant of summary judgment *de novo*, considering all evidence in the light most favorable to the nonmoving party. *DeSpain v. Uphoff*, 264 F.3d 965, 971 (10th Cir. 2001). Summary judgment is ultimately appropriate when there is "no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." *Oliver v. Woods*, 209 F.3d 1179, 1184 (10th Cir. 2000).

The conditions of prisoner confinement create an obligation on the state to provide adequate health care for a prisoner. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). In recognition of this duty, we have held that "[a] prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). However, not all failures to provide even non-neglient healthcare rise to the level of a constitutional violation. "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106. To defeat a motion for summary judgment, evidence, including testimony, must be based on more than mere speculation, conjecture, or surmise. *See Rice v. United States*,

166 F.3d 1088, 1092 (10th Cir. 1999); *Allen v. Muskogee*, 119 F.3d 837, 846 (10th Cir. 1997). "[T]he nonmovant must establish at a minimum, 'an inference of the existence of each element essential to [her] case.'" *Croy v. Cobe Labs., Inc.*, 345 F.3d 1199, 1201 (10th Cir. 2003) (quoting *Hulsey v. Kmart, Inc.*, 43 F.3d 555, 557 (10th Cir. 1994)). Unsubstantiated allegations carry no probative weight in summary judgment proceedings. *Phillips v. Calhoun*, 956 F.2d 949, 951 n.3 (10th Cir. 1992).

Deliberate indifference involves both an objective and a subjective component. *Sealock*, 218 F.3d at 1209. The former is met if the deprivation is sufficiently serious, that is, "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (citation omitted). The latter is satisfied if an officer "knows of and disregards an excessive risk to inmate health or safety." *Sealock*, 218 F.3d at 1209 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Essentially, the officer must be "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Garrett v. Stratman*, 254 F.3d 946, 949-950 (10th Cir. 2001).

Mr. Quintano has failed to raise a genuine issue of fact regarding either a serious deprivation or the required state of mind on the part of Mr. Lawrence.

-4-

Mr. Quintano was examined and his condition assessed on each of the three visits he made to the AVCF clinic. On his first visit, Mr. Quintano was catheterized and administered pain medication; on his second visit, he refused the recommended treatment; and on his third visit he was sent to the hospital for further evaluation. Mr. Quintano has provided no *medical evidence* suggesting (1) he manifested objective signs and symptoms prior to November 28 that could have been interpreted as sufficient to trigger the need for hospitalization; (2) any earlier hospitalization would have resulted in a different outcome; or (2) Mr. Lawrence's treatment approach was inadequate, inappropriate or resulted in substantial harm. While Mr. Quintano certainly disagrees with the treatment approach taken by Mr. Lawrence, a prisoner's difference of opinion with prison medical personnel regarding the type of treatment he should receive does not rise to the level of a constitutional violation. *See Johnson v. Stephan*, 6 F.3d 691, 692 (10th Cir. 1993). In sum, because Mr. Quintano has failed to provide evidence that he either suffered a serious deprivation or that Mr. Lawrence knew Mr. Quintano faced a substantial risk of harm and disregarded that risk, he fails to satisfy both the objective and subjective prongs of the deliberate indifference test.

Appellant's motion to appoint counsel is denied.

SUBMITTED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

-5-