**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 9 2005**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

DAVID A. WILLIAMS,

　　　　Plaintiff - Appellant,

　　v.

PRISON HEALTH SERVICES,
Employees of unknown names,
individual and official capacities,
Doctor and Assistant PHS
Nurses, El Dorado KS; (FNU) PHAM,
Doctor, in his individual and official
capacity; LOUIS E. BRUCE, Acting
Warden Director of El Dorado
Correctional Facility, in his
individual and official capacity;
WILLIAM L. CUMMINGS,
Warden, El Dorado Correctional
Facility, in his individual and official
capacity; JULIE (RIDDLE) ST.
PETER,

　　　　Defendants - Appellees.

No. 04-3190
(D.C. No. 02-CV-3326-MLB)
(D. Kan.)

---

ORDER AND JUDGMENT　*

---

\*　　After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.　*See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).　The case is therefore ordered submitted without oral argument.　This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.　The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **LUCERO** , **McKAY** , and **ANDERSON** , Circuit Judges.

In this 42 U.S.C. § 1983 action, David A. Williams, a state prisoner proceeding pro se, appeals the district court's order granting summary judgment in favor of defendant prison officials.  Exercising jurisdiction under 28 U.S.C. § 1291, we **AFFIRM** .

Williams is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas.  In his complaint, Williams alleged that defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by failing adequately to treat his serious medical needs.  Specifically, as summarized by the district court:

> plaintiff suffers chronic back pain that is likely due to a gunshot wound he received in 1980.  He claims that defendants violated his constitutional rights by revoking his privilege to use a shower massage and take extended showers, as well as by failing to prescribe adequate medications or invoke the expertise of a back specialist.

Williams v. Prison Health Servs. , No. 02-3326-MLB, slip op. at 1-2 (D. Kan. May 11, 2004).

"We review the grant of summary judgment de novo applying the same standard as the district court embodied in Rule 56(c)."     Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998).  Under Rule 56(c), summary judgment is proper if "there is no genuine issue as to any material fact and . . . the moving

party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "In applying this standard, we view the factual record and draw all reasonable inferences therefrom most favorably to the nonmovant." Adler, 144 F.3d at 670. However, "[c]onclusory allegations that are unsubstantiated do not create an issue of fact and are insufficient to oppose summary judgment." Harvey Barnett, Inc. v. Shidler, 338 F.3d 1125, 1136 (10th Cir. 2003) (quotation omitted).

To establish an Eighth Amendment violation, Williams must prove that defendants acted with deliberate indifference to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976).

> "Deliberate indifference" involves both an objective and a subjective component. The objective component is met if the deprivation is sufficiently serious. A medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety.

Sealock v. State of Colorado, 218 F.3d 1205, 1209 (10th Cir. 2000) (quotations and citations omitted). Given these standards, it is not enough for Williams to establish that the prison medical staff acted negligently. Id. at 1211. In addition, a difference of opinion between Williams and the prison medical staff about medical treatment does not constitute deliberate indifference. See Johnson v. Stephan, 6 F.3d 691, 692 (10th Cir. 1993).

The district court thoroughly summarized Williams' prison medical records, and we will not repeat that summary here. On reviewing the record, we note that the district court ordered defendants to perform a supplemental medical evaluation of plaintiff after Williams filed this case. As a result of the exam, Williams received further treatment. Dr. Terry Jones prescribed various pain medication, ordered up additional x-rays, and renewed the use of the massaging shower head.

Having carefully reviewed the record, the parties' briefs, and the applicable law, we conclude that the district court correctly determined: (1) that Williams has failed to advance sufficient evidence linking defendants Bruce, St. Peter, Cummings, and Prison Health Services to the alleged Eighth Amendment violations ; and (2) that Williams has failed to present sufficient evidence to establish the subjective component of the deliberate indifference standard with regard to his claims against the prison doctor, defendant Dr. Pham .

The judgment of the district court is **AFFIRMED** . We remind plaintiff that he must continue making partial payments on court fees and costs previously assessed until such have been paid in full.

Entered for the Court

Carlos F. Lucero
Circuit Judge
