FILED
United States Court of Appeals
Tenth Circuit

November 30, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID EARL ANTELOPE,

      Plaintiff - Appellant,

    v.

UNITED STATES OF AMERICA;
J.M. WILNER, Warden, FCI-Florence;
DR. POLLAND; DR. KELLAR;
SUSAN BONFIGLIO,

      Defendants - Appellees.

No. 11-1217

(D. Colorado)

(D.C. No. 1:08-CV-00649-LTB-MEH)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

Plaintiff David Earl Antelope, a federal prisoner, appeals the dismissal of his claims against the United States as well as the warden and three employees of a federal prison in Florence, Colorado, alleging failure to provide medical care in violation of the Eighth Amendment. He sought damages from the individuals and

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

injunctive relief against the United States.  We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Mr. Antelope filed his complaint under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), in the United States District Court for the District of Colorado.  The relevant pleading on this appeal is his Second Amended Complaint against the United States; J. M. Wilner, the warden of Federal Correctional Institution (FCI)-Florence; and three medical providers at FCI-Florence:  Dr. Polland, Mark Kellar, and Susan Bonfiglio.  It alleged defects in the treatment he had received for his documented mental illness, and it requested compensatory and punitive damages, transfer to a suitable medical facility, and an injunction ordering necessary medical treatment.

Warden Wilner, Dr. Polland, and Ms. Bonfiglio moved to dismiss the complaint for failure to state a claim against them.  The district court adopted the magistrate judge's recommendation to grant the motion.  With respect to Warden Wilner, the magistrate judge explained that "[t]o the extent [Mr. Antelope] attempts to hold . . . Wilner personally liable for the actions of his subordinates, such allegations are precluded by the well-settled law" that in a *Bivens* suit "[a] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  R., Vol. 1 at 195–96 (internal quotation marks omitted).  And the magistrate judge explained that the Second Amended Complaint did not adequately allege that the other two

-2-

movants acted with the requisite deliberate indifference, stating: "[Mr. Antelope], at best, articulates a disagreement with the course of action [Dr.] Polland . . . prescribed for [him]," and "Bonfiglio's questioning of [Mr. Antelope] regarding his refusal to take prescribed medication" likewise would not suffice. *Id.* at 198. *See Johnson v. Stephan*, 6 F.3d 691, 692 (10th Cir. 1993) ("[A] difference of opinion with the medical staff . . . does not rise to the level of a constitutional violation."). The magistrate judge also pointed out that the movants' alleged failures to order diagnostic tests could not support an Eighth Amendment claim, citing *Estelle v. Gamble*, 429 U.S. 97, 107 (1976).

Defendants Kellar and the United States then moved for summary judgment. They submitted medical records and an affidavit from Mr. Kellar showing that he had no involvement with Mr. Antelope except to sign a form when Mr. Antelope was departing FCI-Florence. The magistrate judge recommended (1) that the claim against Kellar be dismissed because Kellar had established that he had not been personally involved in Mr. Antelope's care and (2) that the claims against the United States be dismissed because Mr. Antelope had no viable Eighth Amendment claims. The district court adopted the magistrate judge's recommendation and dismissed the action with prejudice.

On appeal Mr. Antelope argues that the district court should not have granted the motion to dismiss because "[t]he Eleventh Amendment does Not bar suit against the defendant[s] in their individual and official capacities." Aplt. Br.

at 3.  And he argues that summary judgment was improper because there is a genuine issue of material fact whether Defendants were deliberately indifferent to his medical needs.

We review de novo the district court's grant of the motion to dismiss, *see Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011), and its grant of the motion for summary judgment, *see Roberts v. Barreras*, 484 F.3d 1236, 1239 (10th Cir. 2007).  We substantially agree with the district court's reasoning in granting both motions.

Hence, we AFFIRM the judgment of the district court.  We GRANT Mr. Antelope's motion to proceed *in forma pauperis*, but he remains responsible for fees assessed under the Prison Litigation Reform Act, 28 US.C. § 1915(b)(1).

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge