FILED
United States Court of Appeals
Tenth Circuit

May 9, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CORNELIUS A. HARTZ,

     Plaintiff - Appellant,

v.

DENNIS SALE, Head Doctor; BRIAN
COLE, Director of Jail; SHAWNEE
COUNTY DEPARTMENT OF
CORRECTIONS; CORIZON CLINIC,

     Defendants - Appellees.

No. 16-3301
(D.C. No. 5:14-CV-03237-DDC-JPO)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **McKAY** and **LUCERO**, Circuit Judges.
_____

Cornelius Hartz appeals from a district court order granting summary

judgment in favor of defendants on his 42 U.S.C. § 1983 claim. Exercising

jurisdiction under 28 U.S.C. § 1291, we affirm.

---

    [*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I

Hartz's claim centers on the failure to perform surgery to repair two facial fractures he suffered in two separate incidents—one that occurred prior to his incarceration and one that occurred while he was in pretrial detention. Because the district court issued a comprehensive and well-reasoned Memorandum and Order describing Hartz's injuries and treatment, based primarily on a Martinez report ordered by the court,[1] we recite the facts only briefly.

In February 2014, several weeks before he was jailed, Hartz was involved in an altercation that resulted in facial fractures. He was treated at the emergency room and released. On May 31, a few days after being taken into custody of the Shawnee County Department of Corrections, Hartz was involved in another fight and injured his jaw. He was promptly sent to the emergency room for x-rays. The emergency room doctor noted some old facial fractures, a new acute fracture overlaying two partially dislocated teeth, and dental disease. The doctor did not recommend surgery but advised that Hartz should see an otolaryngologist and follow a soft diet.

Defendant Dennis Sale, D.O., head doctor at the Corizon Clinic, prescribed pain medication and put Hartz on a soft diet. When Hartz continued to complain about swelling and pain in his face and jaw, he was moved to the medical unit where

---

[1] See Martinez v. Aaron, 570 F.2d 317, 319-20 (10th Cir. 1978) (per curiam) (approving district court's practice of ordering preparation of prison administration report for inclusion in record of a prisoner's suit alleging constitutional violations by prison officials).

he received additional treatment, including ice packs and antibiotics. Dr. Sale also authorized appointments with an otolaryngologist.

Shortly thereafter, Hartz had a dental examination that disclosed the need for root canals and tooth extractions. Dr. Sale ordered the medical staff to arrange for these procedures with an outside dentist. On the day set for the procedures, the dentist cancelled the appointment. At an appointment with a different dentist on July 2, 2014, the root canals were performed and some temporary fillings were replaced. The following day, Hartz asked to see an otolaryngologist. The specialist, however, refused to see him until he had been examined by an ophthalmologist for blurry vision. Throughout this time, Hartz continued to receive pain medication and other treatment.

Eventually, Hartz was examined by an otolaryngologist who determined that facial surgery was not a medical necessity, but simply an elective procedure. When Hartz pressed the issue, Brian Cole, director of the Shawnee County Department of Corrections, met with Dr. Sale to review the otolaryngologist's report. Cole was informed that surgery was not medically necessary. Based on the medical judgment of Dr. Sale and the otolaryngologist, Cole denied Hartz's request for surgery.

Hartz filed suit alleging that defendants were deliberately indifferent to his medical needs when they denied him facial surgery. After the Martinez report was filed, defendants moved for summary judgment. Hartz requested and was granted an extension of time to respond. Nearly a month after the deadline expired, Hartz filed a one-page response in opposition. A week later, he filed a document titled

3

"Discovery," which was docketed as a supplement to his response. Hartz submitted yet another proposed response a week after that, which the court considered in ruling on summary judgment. The district court concluded that Hartz failed to contradict any of the material facts, and that defendants were entitled to judgment in their favor as a matter of law. Hartz now appeals.

**II**

"We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court." Martinez v. Beggs, 563 F.3d 1082, 1088 (10th Cir. 2009). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Hartz concedes that he did not come forward with evidence to contradict the Martinez report, but argues his failure to do so should be excused. We disagree. As the district court explained, the Martinez report is part of the summary judgment record and, absent valid challenge, may be treated as providing uncontroverted facts. Cf. Northington v. Jackson, 973 F.2d 1518, 1521 (10th Cir. 1992) (explaining that a court cannot accept the factual findings of a Martinez report if the prisoner presents conflicting evidence).

To prevail on an Eighth Amendment claim for inadequate medical care, a plaintiff must show that defendants acted with "deliberate indifference to serious medical needs." Beggs, 563 F.3d at 1088 (quotation omitted). Deliberate indifference contains both objective and subjective components. See id. "In regard

4

to the objective element, a medical need is considered sufficiently serious if the condition has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Oxendine v. Kaplan, 241 F.3d 1272, 1276 (10th Cir. 2001) (quotation and alteration omitted). As to "the subjective element, we have stated that a plaintiff must establish that defendant(s) knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." Id. (quotation omitted). We agree with the district court that Hartz failed to create a triable issue of fact on either element.

The uncontroverted evidence on summary judgment was that no medical provider diagnosed Hartz as requiring facial surgery. Notably, the specialist who examined Hartz opined that surgery was not medically necessary. Although Hartz might disagree with this diagnosis, "a difference of opinion with the medical staff . . . does not rise to the level of a constitutional violation." Johnson v. Stephan, 6 F.3d 691, 692 (10th Cir. 1993). Further, the uncontroverted evidence shows that defendants examined and treated Hartz for his facial injuries and dental problems. In other words, setting aside whether there was a substantial risk of harm, there was no evidence that defendants disregarded Hartz's medical needs.

**III**

The judgment of the district court is affirmed. We grant Hartz's motion to proceed in forma pauperis on appeal. He is reminded of his obligation to continue

5

making partial payments until the entire filing fee has been paid in full.  <u>See</u>

28 U.S.C. § 1915(b).

Entered for the Court

Carlos F. Lucero
Circuit Judge

6