FILED
United States Court of Appeals
Tenth Circuit

July 17, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ARTHUR DEAN CONLEY,

      Plaintiff - Appellant,

v.

DAVID MCKUNE, Warden, Lansing
Correctional Facility, in his official and
individual capacity; KYLE DEERE,
Associate Warden, Lansing Correctional
Facility, in his official and individual
capacity; REX PRYOR, Associate Warden,
Lansing Correctional Facility, in his official
and individual capacity; ELLEN BARTZ,
Health Services Administrator, Correct
Care Solutions, Lansing Correctional
Facility in her official and individual
capacity; JOE PANTANO, M-Unit
Counselor, Lansing Correctional Facility, in
his official and individual capacity; KENT
MURRY, Dentist, Correct Care Solutions,
Lansing Correctional Facility, in his official
and individual capacity; BRETT
PETERSON, Lansing Correctional Facility,
in his official and individual capacity; RAY
ROBERTS, Secretary of Corrections, in his
official and individual capacity; SAM
BROWNBACK, Governor, State of
Kansas, in his individual capacity; JERRY
BOYLE, CEO and President, Correct Care
Solutions, in his individual and official
capacity; CORRECT CARE SOLUTIONS,
LLC; FNU BRYAN, Corrections Officer,
Lansing Correctional Facility, in his official
and individual capacity; ANDREW

No. 13-3091
(D.C. No. 5:11-CV-03200-SAC)
(D. Kan.)

PARKS, Unit Team Manager, Lansing
Correctional Facility, in his official and
individual capacity; DAVID LAWHORN,
Regional Medical Director, Correct Care
Solutions,

      Defendants - Appellees.

## ORDER AND JUDGMENT[*]

Before **KELLY**, **HOLMES,** and **MATHESON**, Circuit Judges.

Appellant Arthur Dean Conley, a prisoner incarcerated with the Kansas Department of Corrections ("DOC"), filed a 42 U.S.C. § 1983 action against numerous defendants alleging constitutional violations stemming from the handling of his dental care.[1] He appeals from a district court order dismissing his complaint and two motions for a preliminary injunction. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm in part and reverse in part.

---

[*]After examining Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Mr. Conley proceeds pro se. Accordingly, we construe his pleadings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's] arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

# I. **BACKGROUND**

Mr. Conley filed a § 1983 complaint and request for preliminary injunction in November 2011. After reviewing the 56-page complaint and 251 pages of attached exhibits, the district court identified multiple failings in the complaint and granted Mr. Conley leave to amend.

Mr. Conley filed his amended complaint in September 2012, along with a renewed motion for a preliminary injunction. He filed a second preliminary injunction motion in January 2013. The complaint alleged the defendants violated Mr. Conley's Eighth Amendment right against cruel and unusual punishment, his right to due process under the Fourteenth Amendment,[2] and his First Amendment right to freedom of expression. The district court determined Mr. Conley's amended complaint stated no plausible claim upon which relief could be granted and dismissed it pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). It also denied Mr. Conley's motions for preliminary injunction. Mr. Conley now appeals.

# II. **DISCUSSION**

We first address the denial of Mr. Conley's two preliminary injunction motions

---

[2] Mr. Conley's complaint also asserted that the state defendants violated his due process rights under the Fifth Amendment. But as we explained in *Koessel v. Sublette County Sheriff's Department*, -- F.3d --, 2013 WL 1960568 (10th Cir. May 14, 2013), allegations of conduct by state authorities provide no basis for a Fifth Amendment claim. *Id.* at *9 n.2. Moreover, "because § 1983 imposes liability only for actions taken under state law, even if there were a federal actor involved there would be no Fifth Amendment claim under § 1983." *Id.* We therefore do not address any Fifth Amendment claim.

and then turn to whether his § 1983 complaint stated a claim for constitutional violations.

## A. *Denial of Motions for Preliminary Injunction*

The district court denied Mr. Conley's two motions for a preliminary injunction. We review the court's decision for an abuse of discretion. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). Mr. Conley "must show that the district court committed an error of law (for example, by applying the wrong legal standard) or committed clear error in its factual findings." *Id.* (quotations omitted). We will not reverse the district court's decision unless it was "an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *Id.* (quotations omitted).

In one motion, Mr. Conley sought not only dental restoration, but also items he believes are necessary to self-treat his dental condition: medical marijuana, an iPod, a single cell in a medium security facility, and pornography. At this stage, Mr. Conley has not shown a substantial likelihood of success on the merits, and the district court's denial of the requested injunctive relief was therefore not an abuse of discretion.

In the second motion, Mr. Conley sought relief to enable him to file documents electronically with the court while he was confined in segregation at the Lansing Correctional Facility ("LCF"). Mr. Conley complained about the filing system at LCF and the personnel in charge of helping him file documents. The district court determined that Mr. Conley failed to satisfy the preliminary injunction standard and also held that his motion was moot because he had been transferred out of LCF. We cannot say the denial of this motion was an abuse of discretion.

## B. *Constitutional Claims*

The district court dismissed Mr. Conley's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a plausible constitutional claim upon which relief could be granted. We review this dismissal as we would a dismissal under Fed. R. Civ. P. 12(b)(6). *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

Our review is de novo. *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012). To avoid dismissal, the "complaint must contain enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face,'" not merely possible or conceivable. *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff's use of "mere labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not suffice," and the complaint's "factual allegations [must] plausibly suggest the defendant is liable." *Id.* at 1190-91 (quotations omitted).

Mr. Conley argues that the district court erred in dismissing his Eighth and Fourteenth Amendment claims.[3] We address these claims in turn.

### 1. **Eighth Amendment**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Mr. Conley alleges various state defendants violated his right

---

[3] Mr. Conley does not appear to dispute the dismissal of his First Amendment claim. We agree with the district court that this claim should be dismissed.

against cruel and unusual punishment under the Eighth Amendment. *See* U.S. Const. amend. VIII.

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted). The Supreme Court has instructed that the Eighth Amendment prohibits "unnecessary and wanton infliction of pain," including "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A prisoner's serious medical needs may include dental care. *Ramos v. Lamm*, 639 F.2d 559, 574 (10th Cir. 1980); *see also Penrod v. Zavaras*, 94 F.3d 1399, 1405-06 (10th Cir. 1996).

"The test for constitutional liability of prison officials involves both an objective and a subjective component." *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (quotations omitted). First, the prisoner must "produce objective evidence that the deprivation at issue was in fact 'sufficiently serious.'" *Id.* (quoting *Farmer*, 511 U.S. at 834). "[A] medical [or dental] need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's [or dentist's] attention." *Id.* (quotations omitted). Second, under the subjective component, the prisoner must establish deliberate indifference to his serious medical needs by "present[ing] evidence of the prison official's culpable state of mind." *Id.* He must show that the prison "official acted or failed to act despite his knowledge of a substantial risk of serious harm."

-6-

*Farmer*, 511 U.S. at 842. "The Supreme Court [has] cautioned that 'an inadvertent failure to provide adequate medical care' does not rise to a constitutional violation." *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009) (quoting *Estelle*, 429 U.S. at 105-06).

    a. *Objective component*

To survive dismissal, Mr. Conley's complaint must allege facts showing a serious dental need. This court has recognized that "considerable pain" may qualify as a substantial harm under the Eighth Amendment. *Mata*, 427 F.3d at 751. Similarly, the Second Circuit has stated that "[a] cognizable claim regarding inadequate dental care, like one involving medical care, can be based on various factors, such as the pain suffered by the plaintiff, the deterioration of the teeth due to lack of treatment, or the inability to engage in normal activities." *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) (citations omitted). In *Chance*, allegations of extreme pain, tooth deterioration, and failure to eat properly were sufficient to show a serious dental condition at the pleading stage. *Id.*

Here, the district court dismissed Mr. Conley's Eighth Amendment claim, finding he "relie[d] on his disagreement with the dental procedures routinely provided prisoners" and that his "own assessment of his condition and the treatment needed is not the proper basis for a constitutional claim." Dkt. 84 at 6. The district court's analysis misinterprets Mr. Conley's allegations of a serious dental condition involving chronic pain, the inability to engage in normal life activities, and the threat of future physical harm.

-7-

The complaint states that Mr. Conley's "teeth are overlapped, bucked, crowded and crooked to the point [he] chew[s] holes on the insides of [his] cheeks causing pain" and bleeding. Dkt. 68 at 9, 11.[4] The complaint describes his pain as intense and chronic. According to the complaint, the spacing of Mr. Conley's teeth results in a speech impediment, clogs his sinuses, and prevents him from correctly chewing food, closing his mouth, and holding in saliva. Further, "[l]arge food particles get caught between and behind [his] teeth and . . . dislodge in [his] throat," causing him to choke. *Id.* at 9. He alleges he lives with the constant fear of choking to death in his sleep.

According to Mr. Conley, prison dentist and Defendant Dr. Murry told him during a dental appointment that he needed cosmetic restoration or braces, that his issues were related to orthodontics, and that treatment was beyond Dr. Murry's capabilities. Mr. Conley alleges that at a later meeting with LCF officials, Dr. Murry stated that Mr. Conley needed cosmetic restorative dental procedures to "preserve [his] life." Mr. Conley received no orthodontic care and alleges he was told such care was not allowed, even though DOC Internal Management Policy and Procedure 10-115 ("IMPP 10-115") allows for orthodontic care in some circumstances. Aplt. Br. Attach. 1.

We conclude the complaint alleges objective evidence that Mr. Conley's dental condition is sufficiently serious to raise Eighth Amendment concerns.

b. *Subjective component*

---

[4] Citations to the amended complaint refer to the document page number rather than Mr. Conley's own pagination.

Under the subjective component, Mr. Conley "must show that the defendants knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Martinez*, 563 F.3d at 1089. Mr. Conley's complaint satisfies this standard.

Mr. Conley alleges that he mailed a letter to Defendants McKune, Deere, Pryor, Bartz, Pantano, Murry, Peterson, Roberts, and Brownback explaining his dental condition and constant pain. Further, he alleges that LCF officials who received this letter held a meeting where Dr. Murry informed them that Mr. Conley required restorative dental procedures to "preserve [his] life." Dkt. 68 at 21. Mr. Conley alleges that Defendant Bartz stated the recommended procedure was too controversial and expensive, that Mr. Conley should never have been told of his need for such treatment, and that informing him he needed procedures armed him with "evidence." *Id.*

Mr. Conley further alleges that after filing a grievance with Defendants Parks and McKune, Defendant Parks told Mr. Conley he would be sent to a "max facility" if he continued complaining about his dental issues. *Id.* at 23.[5] According to Mr. Conley, Defendant McKune stated he would not help resolve the dental problems because Mr. Conley had complained to the governor about his condition. Mr. Conley alleges that

---

[5] Mr. Conley alleges he filed multiple grievances over the denial of dental treatment. We do not discuss whether Mr. Conley has exhausted his administrative remedies, as required under the Prison Litigation and Reform Act, 42 U.S.C. § 1997e *et seq.*, because exhaustion is an affirmative defense, not a pleading requirement. *See Jones v. Bock*, 549 U.S. 199, 212-17 (2007).

Defendants Parks and McKune each instructed him to stop complaining and that both said they hoped Mr. Conley would choke to death, which appears to be a reference to Mr. Conley's claim that his dental condition causes him to choke on food particles.

Mr. Conley alleges that Defendant Bryan threatened him for filing grievances and said the "warden" (Defendant McKune) and Defendant Parks had mentioned "something about braces" and wanted Mr. Conley "out of here." *Id.* at 25. Mr. Conley alleges Defendant Bryan wrote disciplinary reports in retaliation for Mr. Conley's complaints, resulting in his being sent to "lockdown" at a maximum security facility. *Id.*

\* \* \*

In short, the complaint alleges that Mr. Conley suffers a serious dental condition and that certain defendants knew of this condition, purposely denied him treatment to correct the condition, and retaliated against him for filing grievances. His allegations, taken as true at this stage, state a plausible Eighth Amendment claim. Dismissal of this claim was error.

We recognize that much of Mr. Conley's complaint is irrelevant to the Eighth Amendment analysis. His allegations that his dental condition has lowered his self-esteem and caused him to envy individuals with straight, white teeth fail to state a serious condition under the Eighth Amendment. Nor do his allegations of complications with his body hair and sexual orientation state a plausible constitutional violation. Further, Mr. Conley alleges he has been denied access to items he needs to self-treat his dental condition, including medical marijuana, an iPod, a laptop, unlimited access to digital

music, and pornography. Mr. Conley has failed to show that denial of these items constitutes cruel and unusual punishment. Going forward, the focus of Mr. Conley's Eighth Amendment claim should be on the alleged denial of orthodontic or other specialized dental care to correct a serious dental condition.

c. *Individual defendants*

Finally, for Mr. Conley's § 1983 claim under the Eighth Amendment to succeed against any defendant, he "must show personal involvement or participation in the incident." *Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996). Because "§ 1983 imposes liability for a defendant's own actions[,] personal participation in the specific constitutional violation complained of is essential." *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011); *see also Schneider v. City of Grand Junction Police Dep't*, -- F.3d --, 2013 WL 2421071, at * 5 (10th Cir. June 5, 2013).

Mr. Conley has failed to allege facts showing personal involvement of Defendants Brownback, Roberts, Boyle, and Lawhorn. His formulaic recitation that these defendants knew of his condition and were deliberately indifferent to it fails to demonstrate an affirmative link to the alleged constitutional violation.

The complaint also fails to state a claim against Correct Care Solutions, LLC ("CCS"). Mr. Conley essentially alleges that this corporation, which contracts with the DOC to provide dental care, is vicariously liable for the acts of its employees. Apart from whether CCS is a state actor, vicarious liability is not a basis for a § 1983 claim against a corporate defendant. *DeVargas v. Mason & Hanger-Silas Mason Co.*, 844 F.2d

-11-

714, 722-23 (10th Cir. 1988). In addition, to the extent Mr. Conley alleges CCS is liable as a supervisor, he has not plausibly alleged that it authorized, supervised, caused, or participated in the alleged cruel and unusual punishment. *See Snell v. Tunnell*, 920 F.2d 673, 700 (10th Cir. 1990).

Although Dr. Murry was personally involved in Mr. Conley's dental care, the complaint fails to state a claim against him. Rather than being deliberately indifferent to Mr. Conley's condition, Dr. Murry allegedly informed LCF officials of the need to provide him with restorative care.

As to Defendants McKune, Deere, Pryor, Parks, Pantano, Peterson, and Bartz,[6] the complaint alleges each attended a meeting where they were informed of Mr. Conley's serious condition and where it was determined he would not be provided the recommended dental services. At this stage, these allegations show personal participation by showing these defendants "knew [Mr. Conley] faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001) (quotations omitted). In addition, Mr. Conley has alleged actions and statements by these defendants that suggest an intentional unwillingness to address his dental condition.

Finally, with respect to Defendant Bryan, the complaint alleges he knew of Mr.

---

[6] Mr. Conley's complaint alleges that Defendant Bartz is "an employee of the state who is [also] the manager of [Correct Care Solutions] [c]ontracted personnel." Dkt. 68 at 3. This allegation is sufficient to show she is a state actor for § 1983 purposes.

Conley's condition and retaliated against him by filing disciplinary reports to remove him from LCF. This is sufficient to show personal participation in the alleged constitutional violation.

2. **Fourteenth Amendment**

a. *Procedural due process*

The district court determined Mr. Conley failed to state a procedural due process claim under the Fourteenth Amendment. We affirm the dismissal of this claim.

"The first step in assessing a claimed procedural due process violation is to identify a constitutionally protected liberty or property interest. A liberty interest can either inhere in the Due Process clause or it may be created by state law." *Elwell v. Byers*, 699 F.3d 1208, 1213 (10th Cir. 2012) (quotations omitted). "For state law to create a liberty interest, it must establish substantive predicates to govern official decisionmaking and mandate an outcome when relevant criteria have been met." *Id.* If a state policy "does not guarantee a particular substantive outcome, it does not confer a protected liberty interest." *Id.*

Mr. Conley's complaint identifies DOC policies—in particular IMPP 10-115—as creating a liberty interest in orthodontic care. We agree with the district court that the policies Mr. Conley has identified do not create a liberty interest.

IMPP 10-115 identifies the procedure that medical and dental personnel follow to determine whether "orthodontic devices and other aids to impairment *may* be provided." Aplt. Br. Attach. 1 (emphasis added). But "an expectation of receiving process is not,

-13-

without more, a liberty interest protected by the Due Process Clause." *Elliott v. Martinez*, 675 F.3d 1241, 1246 (10th Cir. 2012) (quotations omitted). Further, the use of "may" in IMPP 10-115 does not create an unqualified right to orthodontic treatment giving rise to a liberty interest. *See Riddle v. Mondragon*, 83 F.3d 1197, 1206-07 (10th Cir. 1996); *Roberts v. Spalding*, 783 F.2d 867, 871-72 (9th Cir. 1986). IMPP 10-116, another policy Mr. Conley asserts creates a liberty interest, similarly outlines the process for routine dental examinations and consultations with dental specialists. An entitlement to procedure does not give rise to a liberty interest.

      b. *Substantive due process*

Mr. Conley also asserts that the defendants violated his substantive due process rights under the Fourteenth Amendment. However, we have previously declined to review a substantive due process argument where a prisoner's claim of the denial of medical treatment was more accurately asserted under the Eighth Amendment. *See Riddle*, 83 F.3d at 1202 ("[W]here constitutional protection is afforded under specific constitutional provisions, alleged violations of the protection should be analyzed under those provisions and not under the more generalized provisions of substantive due process."). Having analyzed Mr. Conley's Eighth Amendment claim, we similarly decline to address his substantive due process claim.

## III. CONCLUSION

We affirm the district court's denial of Mr. Conley's motions for a preliminary injunction and its dismissal of his procedural due process claim. We affirm the district

court's dismissal of Mr. Conley's Eighth Amendment claim as to Defendants Brownback, Roberts, Boyle, Lawhorn, Murry, and Correct Care Solutions.  As to the remaining defendants, we reverse the dismissal of Mr. Conley's Eighth Amendment claim alleging deliberate indifference to his serious dental needs.[7]

Finally, we grant Mr. Conley's motion to proceed *in forma pauperis* and remind him that he must continue making partial payments until the filing fees he owes are paid in full.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge

---

[7] Mr. Conley sued the defendants in their official and individual capacities.  We leave to the district court on remand whether the official capacity claims survive Eleventh Amendment concerns because he alleges an ongoing violation of federal law and seeks injunctive relief.  *See Ex parte Young*, 209 U.S. 123, 157 (1908); *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166-67 (10th Cir. 2012).

In dismissing Mr. Conley's complaint, the district court ruled that his motion for appointment of counsel was moot.  Mr. Conley challenges that decision on appeal.  We decline to address this issue, although Mr. Conley may renew the motion in the district court on remand.