Kent Murry; Ray Roberts; Sam Brownback; Jerry Boyle; David Lawhorn, Defendants.

No. 15–3031.

United States Court of Appeals, Tenth Circuit.

Oct. 7, 2015.

Anthony Dean CONLEY, Plaintiff–Appellant,

v.

Rex PRYOR, Warden, Lansing Correctional Facility, in his official and individual capacity; Kyle Deere, Associate Warden, Lansing Correctional Facility, in his official and individual capacity; Joe Pantano, M–Unit Counselor, Lansing Correctional Facility, in his official and individual capacity; Brett Peterson, Lansing Correctional Facility, in his official and individual capacity; Correct Care Solutions, LLC; Daniel Bryan, Corrections Officer, Lansing Correctional Facility, in his official and individual capacity; Andrew Parks, Unit Team Manager, Lansing Correctional Facility, in his official and individual capacity; Ellen Bartz, Health Services Administrator, Correct Care Solutions, Lansing Correctional Facility in her official and individual capacity; David McKune, in his official and individual capacity; Toby Harkins, Health Services Administrator, Correct Care Solutions, Lansing Correctional Facility, in his official capacity, Defendants–Appellees,

Anthony Dean Conley, El Dorado, KS, pro se.

Whitney Casement, Office of the Attorney General for the State of Kansas, Topeka, KS, Tracy M. Hayes, Sanders Warren & Russell, Overland Park, KS, for Defendants–Appellees.

## ORDER AND JUDGMENT *

BOBBY R. BALDOCK, Circuit Judge.

In March 2011, after years of incarceration on a sentence of life imprisonment, plaintiff Anthony Dean Conley sought dental care at the Lansing Correctional Facility (LCF) for what he characterized as "overlapped, bucked, crowded and crooked" teeth. R. Vol. 2 at 394. Dissatisfied with LCF's response, which was to deny treatment as unauthorized cosmetic care, Mr. Conley filed this action alleging deliberate indifference to his medical needs, as well as a number of other claims. The district court initially dismissed the case under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a plausible claim for relief. This court subsequently affirmed that dismissal in all respects save one: as to certain defendants "we reverse[d] the dismissal of Mr. Conley's Eighth Amendment claim alleging deliberate indifference to his serious dental needs." *Conley v. McKune,* 529 Fed.Appx. 914, 923 (10th Cir.2013). On remand, the district court granted the defendants' ensuing motion for summary judgment, holding in pertinent part that the Eighth Amendment claims failed for lack of evidence of personal participation by the moving defendants and that the defendants were in any event entitled to qualified immunity in light of the lack of evidence that Mr. Conley's rights under the constitution or federal law had been violated.[1] Mr. Conley now appeals.

"We review de novo the district court's grant of summary judgment and apply the same legal standard used by the district court under Rule [56(a)] of the Federal Rules of Civil Procedure," which directs the entry of judgment when " 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.' " *Certain Underwriters at Lloyd's London v. Garmin Int'l, Inc.,* 781 F.3d 1226, 1229–30 (10th Cir.2015) (quot-

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

1. In a separate order entered after Mr. Conley filed his notice of appeal, the district court dismissed the remaining non-moving defendants for lack of service. That ruling is not before us.

ing Rule 56(a)). Our review is limited to the evidence considered by the district court, unless a party demonstrates that the court abused its discretion in disregarding properly submitted evidence. *Id.* Here the district court's summary judgment analysis was premised on an initial determination rejecting various statements offered by Mr. Conley as "self-serving, conclusory, and unsupported." R. Vol. 4 at 232 n. 4. Because the basis for that determination has not been challenged on appeal, our review likewise excludes this evidence. Mr. Conley's extensive but unjustified reliance on this evidence, as if it had never been excluded, fundamentally undermines his briefing on appeal.

█ The district court held, in pertinent part, that (1) an Eighth Amendment claim could not be premised on Mr. Conley's disagreement with the prison dentist's professional conclusion that his complaints reflected cosmetic issues that did not warrant treatment on health grounds,[2] and (2) the individual defendants did not personally participate in any Eighth Amendment violation relating to Mr. Conley's dental care by acting consistently with the dentist's conclusion or by denying Mr. Conley's grievances over his dental care. On

consideration of the parties' briefs and the pertinent evidentiary materials, we agree with the district court's analysis and affirm its grant of summary judgment for defendants on Mr. Conley's Eighth Amendment claims for substantially the reasons stated in its thorough Memorandum and Order. Nothing would be gained by our belaboring that analysis, on which Mr. Conley has failed to cast any material doubt.

Mr. Conley argues a few collateral issues that we address briefly. Two are simply beyond the scope of our review. On his prior appeal, this court affirmed the dismissal of all claims except those alleging "deliberate indifference to his serious dental needs" under the Eighth Amendment, *Conley,* 529 Fed.Appx. at 923, which focused "on the alleged denial of orthodontic or other specialized dental care," *id.* at 921. Thus, Mr. Conley's continued complaints about his mental health care are not properly before us, nor is his objection regarding the district court's failure to address a "retaliation claim" he insists was raised in his pleadings.[3]

Mr. Conley also contends the district court incorrectly held that his transfer from LCF mooted his request for injunctive relief. He insists responsibility for

2. Mr. Conley's objection that the dentist's affidavit reciting this conclusion (consistent with his contemporaneous office notes) was insufficient for purposes of summary judgment because it did not elaborate on the dentist's "methodology" and "reasoning" is meritless. He cites no authority holding that a professional opinion given on the basis of personal examination is somehow inadequate for resolution of an Eighth Amendment claim. Nor was the opinion contradicted by relevant dental records—Mr. Conley's argument to the contrary is not support by his own record citations. And, of course, Mr. Conley's disagreement with the nature and treatment of his condition does not create a triable issue of deliberate indifference. *See Gee v. Pacheco,* 627 F.3d 1178, 1192 (10th Cir.2010); *Perkins v. Kan. Dep't of Corr.,* 165 F.3d 803, 811 (10th

Cir.1999); *Johnson v. Stephan,* 6 F.3d 691, 692 (10th Cir.1993).

3. None of the eighteen causes of action in the amended complaint asserted a claim for retaliation. While this court's decision on his prior appeal pointed to allegations that some defendants refused to act on Mr. Conley's repeated requests for the unauthorized dental treatment in retaliation for his persistent complaining, we did so only to note that such allegations supported his claim that those defendants acted with the deliberate indifference required for the stated Eighth Amendment claims, not to frame an entirely new claim of First Amendment retaliation for him. As noted above, no such claim was included in our remand.

the denial of treatment for elective cosmetic reasons implicated correctional policy beyond the confines of LCF. *See generally Abdulhaseeb v. Calbone,* 600 F.3d 1301, 1311–12 (10th Cir.2010). We need not delve into this question. Because we have affirmed the district court's determination that the denial of the treatment sought by Mr. Conley did not violate the Eighth Amendment, any request for injunctive relief to secure such treatment necessarily cannot succeed. *See generally Muscogee (Creek) Nation v. Pruitt,* 669 F.3d 1159, 1168–69 (10th Cir.2012) (explaining that even jurisdictional issues affecting a claim may be pretermitted if failure of the claim is "foreordained" by a related merits ruling within the court's jurisdiction).

■ Mr. Conley further argues that the district court erred in denying his motion to appoint counsel. Our review is governed by an abuse-of-discretion standard under which reversal is appropriate "[o]nly in those extreme cases where the lack of counsel results in fundamental unfairness." *Toevs v. Reid,* 685 F.3d 903, 916 (10th Cir.2012). While "having counsel appointed [may] have assisted [Mr. Conley] in presenting his strongest possible case," the lack of counsel created no fundamental unfairness. *Id.* (internal quotation marks omitted). Under the circumstances, the denial of appointed counsel was not an abuse of discretion.

Finally, Mr. Conley has filed a motion for waiver of the filing fees for this appeal and his prior appeal. As a prisoner proceeding in forma pauperis, he is required under 28 U.S.C. § 1915(b) to satisfy these fees through periodic partial payments. He contends the fees are (1) excessive in light of his indigency and (2) unwarranted in light of the merit of both appeals. Neither of these points is persuasive. The statute has built-in accommodations for prisoners' limited financial resources, *see*

*id.* § 1915(b)(1)-(4), and we would overstep institutional bounds if we created an exemption based on merit or prevailing-party status that Congress did not chose to include in the statute.

The judgment of the district court is affirmed. Mr. Conley's motion to proceed on appeal in forma pauperis is granted; however, he is reminded of his continued obligation to make partial payments until the filing fee is paid in full.